UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| Benjamin Gleespen, | CASE NO. 25-CV-751 |
| Plaintiff, on behalf of himself and all those similarly situated, | **CLASS ACTION COMPLAINT** |
| v. | |
| Planet Home Lending, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

# INTRODUCTION

Sergeant Benjamin Gleespen brings this action on behalf of himself and other similarly situated servicemembers against Planet Home Lending for violating the longstanding financial protections afforded to our country's military members under the Servicemembers Civil Relief Act ("the SCRA"). These protections have been the law of the land for over a century and are a vital part of the legal framework ensuring that the bravery and sacrifices of servicemembers do not cost them their financial security.

Planet Home Lending denied Sgt. Gleespen's request that it apply the lower interest rate mandated by the SCRA for the period that a servicemember is on active duty and illegally retained higher interest in excess of the SCRA maximum. Sgt. Benjamin Gleespen brings this class action to reclaim these illegally retained funds.

# PARTIES

1. Plaintiff Sergeant Benjamin Gleespen is a resident of Tennessee and is a sergeant in the National Guard. He began his active duty service on January 16, 2024 and will continue to do so for a period of three years.

1

2. Defendant Planet Home Lending, LLC ("Planet Home") is a privately held mortgage banking firm headquartered in Meriden, Connecticut. It is a subsidiary of Planet Financial Group, LLC, which provides lending, origination, servicing, and asset management services.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 50 U.S.C. § 4042 because this action arises out of Defendant's violations of the SCRA.

4. Venue is proper in this District because Defendant's principal place of business, its headquarters, is located in this District at 321 Research Parkway, Suite 303, Meriden, Connecticut, 06450.

## FACTUAL BACKGROUND

*The Servicemembers Civil Relief Act:*

5. The Servicemembers Civil Relief Act was signed into law by President George W. Bush on December 19, 2003. The SCRA is a revision of the Soldier's and Sailor's Civil Relief Act of 1940 ("SSCRA"). It builds upon a long history of special protections for servicemembers that traces as far back as the "Stay" laws enacted during the War of 1812. The SCRA was intended to ease the economic and legal burdens caused by military service, specifically for military personnel called to active duty status.

6. The Supreme Court of the United States has held that the SSCRA, the SCRA's predecessor, must be interpreted "with an eye friendly to those who dropped their affairs to answer their country's call." *Le Maistre v. Leffers*, 333 U.S. 1, 6, 68 S. Ct. 371, 373 (1948).

7. SCRA protections are afforded to all active duty servicemembers. National Guard and Reserve personnel qualify for SCRA protections beginning on the day they receive their active duty orders. 50 U.S.C. § 3911(2)(A)(ii).

8. 50 U.S.C. § 3937 of the SCRA prohibits charging interest in excess of 6% to anyone engaged in military service for an obligation or liability incurred before they began their military service. This 6% cap applies during a servicemember's period of military service and one year thereafter. 50 U.S.C. § 3937(a)(1)(A). Servicemembers have until 180 days after the end of their active duty service to request that their creditor(s) apply the 6% interest cap. 50 U.S.C. § 3937(b)(1)(A). So long as it is timely requested, the interest cap is effective as of the date a servicemember's active duty service begins and, thus, must be applied retroactively to that date. 50 U.S.C. § 3937(b)(2). All interest that would be charged above 6% during a servicemember's period of military service "is forgiven." 50 U.S.C. § 3937(a)(2).

9. The SCRA does not require servicemembers to request the 6% interest rate maximum while a loan is active. The SCRA's 6% interest rate maximum, if timely requested, applies to loans that were (1) originated before a servicemember began military service and (2) for which the servicemember was charged interest in excess of 6% during their military service.

10. 50 U.S.C. § 4042 provides that "[a]ny person aggrieved by a violation of" the SCRA may recover monetary damages, costs and attorneys' fees, and "be a representative party on behalf of members of a class or be a member of a class."

***Plaintiff's Loan:***

11. On or about September 26, 2022 Sgt. Gleespen entered into a mortgage loan agreement with CrossCountry Mortgage, LLC to refinance a mortgage loan used to purchase a home located at 2113 East Hill Drive, Madison, Tennessee, 37115 ("the mortgage loan"). Defendant has serviced the mortgage loan since it was originated.

12. The mortgage loan bore a fixed interest rate of 6.125%.

13. On or about December 5, 2024, Sgt. Gleespen paid off the balance of the mortgage loan, after which the mortgage loan was no longer active.

*Plaintiff's Military Service:*

14. On or about January 9, 2024, Sgt. Gleespen received his call to active service for a period of 3 years pursuant to 32 U.S.C. § 502(f).

15. On or about January 16, 2024, Sgt. Gleespen began "military service" as defined by 50 U.S.C. § 3911(2)(A)(ii).

*Defendant's Denial of Plaintiff's SCRA Request:*

16. On or about January 8, 2025, Sgt. Gleespen properly requested that Defendant retroactively apply the 50 U.S.C. § 3937 mandated 6% maximum interest rate to his mortgage loan for his period of military service by sending a written request for the interest rate and enclosing his active duty orders.

17. On or about January 22, 2025, Defendant denied Sgt. Gleespen's request that Planet Home apply the 6% interest rate and refund the amount that he was charged beyond that, replying that "SCRA protections must be applied for while the loan is active."

18. There is no legal authority to support the position that SCRA protections must be applied for *while a loan is active*.

19. This denial constitutes a violation of 50 U.S.C. § 3937 because any interest in excess of 6% paid by Sgt. Gleespen after January 16, 2024 "*is* forgiven" and, thus, must be reimbursed (emphasis added).

20. The SCRA required Defendant to reimburse Sgt. Gleespen the difference between the interest he paid during his period of military service and what he would have been charged if Defendant applied the 6%.

21. Defendant's denial of Sgt. Gleespen's request for reimbursement of the difference in interest constitutes a violation of the SCRA.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of the following Class of servicemembers:

    a. Who, before they entered military service as defined by 50 U.S.C. § 3911(b)(2), were obligated on a loan bearing an interest rate greater than 6%; and

    b. Whose loan Defendant held the right to enforce during the servicemember's period of military service or within 180 days thereafter; and

    c. Whose loan became inactive during their period of military service or within 180 days thereafter because it was paid off (for any reason, including but not limited to because it was refinanced, the property was sold, or the loan went into default and subsequent foreclosure); and

    d. Who, after the loan became inactive, properly and timely requested that Defendant apply the 6% maximum interest rate to their loan pursuant to 50 U.S.C. § 3937; and

    e. Whose request, within the statute of limitations, was denied by Defendant specifically because the loan was no longer active.

Plaintiff specifically excludes from the class:

    a. Defendant's employees, officers, directors, or heirs; and

    b. This Court, this Court's direct family members, and this Court's personnel.

23. This class action satisfies all requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), including, but not limited to, numerosity, commonality, typicality, adequacy, and predominance.

24. **Numerosity:** Consistent with Fed. R. Civ. P. 23(a)(1), the proposed class is "so numerous that joinder of all members is impracticable."

25. Per reports made public by Defendant, the average number of loans in its portfolio at various points during the class period was approximately 250,000.

26. Plaintiff estimates that Defendant has held hundreds, if not thousands, of SCRA-eligible loans within the class period.

27. Furthermore, at various times during the class period, approximately one-third of all outstanding mortgage loans in the United States were refinanced, and 17% of homes secured by mortgages were sold. *See* https://libertystreeteconomics.newyorkfed.org/2023/05/the-great-pandemic-mortgage-refinance-boom.

28. Accordingly, Plaintiff estimates that at least 50% of mortgage loans have become inactive during the class period.

29. Thus, Plaintiff estimates that hundreds, if not thousands, of SCRA-eligible loans held by Defendant became inactive during the class period.

30. The numerosity requirement of Rule 23 is met.

31. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual class members.

32. Common questions of law or fact that will be dispositive of the claims of the class include, but are not limited to:

    a. Whether Defendant denied class members' SCRA requests because their loans were inactive;

    b. Whether Defendant violated 50 U.S.C. § 3937 by denying class members' SCRA requests;

    c. Whether Defendant must reimburse class members for any interest charged in excess of the SCRA maximum during the class period; and

    d. Whether Defendants were unjustly enriched in the amount of the benefit they retained from charging class members interest above 6% during the class period.

33. **Typicality:** The claims of Sgt. Gleespen are typical of the class claims in that (a) Sgt. Gleespen was engaged in military service when he requested his SCRA benefits, (b) Defendant denied his request because his loan was no longer active, and (c) he is owed the difference in interest between what he was charged during his period of military service and the amount he would have been charged at the SCRA mandated interest rate of 6%.

34. **Adequacy:** Consistent with Fed. R. Civ. P. 23(a)(4), Sgt. Gleespen "will fairly and adequately protect the interests of the class." Sgt. Gleespen has no adverse or conflicting interests to the proposed class members. He has retained counsel competent and

experienced in complex class action and SCRA litigation and who possess the necessary financial resources to adequately and vigorously litigate this class action.

35. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Prosecution of separate actions by individual class members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Defendant. Furthermore, many class members may have trusted Defendant's misrepresentation of the SCRA's requirements and, thus, do not know to consult an attorney. In addition, servicemembers who are class members should not be expected to devote time, energy and attention away from their service to this country by individually litigating their claims against Defendant. Finally, due to the vastly unequal market power between class members and Defendant, a class action may be the only way to ensure all class members' claims are adjudicated. Plaintiffs know of no difficulty that would make a class action in this case unmanageable.

## FIRST CAUSE OF ACTION: VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT

### 50 U.S.C. § 3901, *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated 50 U.S.C. § 3937 by denying servicemembers' requests to apply the SCRA's 6% maximum interest to eligible, though inactive, loans.

38. As a result of Defendant's violations of the SCRA, Plaintiff and the Class are entitled to recover the difference between the amount of interest they were charged in excess of 6% during the period of their military service and the amount they would have been charged had Defendant applied a rate of 6% during that period.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. The elements of an unjust claim in Connecticut are "(1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *New Hartford v. Connecticut Resources Recovery Authority*, 970 A.2d 592, 609 (Conn. 2009) (internal quotation marks omitted).

41. Defendant's retention of interest in excess of the SCRA maximums satisfies each element of unjust enrichment.

42. As a result of Defendant's unjust enrichment, Plaintiff and the Class are entitled to recovery of the amount of interest they paid Defendant in excess of the SCRA maximum.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully request the following relief from this Court:

1. Certify this case as a class action on behalf of the proposed class as defined herein;
2. Appoint Plaintiff Sgt. Benjamin Gleespen as class representative;
3. Appoint the undersigned counsel as counsel for the class;

4. Grant judgment in favor of Plaintiff and the class for violation of the SCRA, specifically 50 U.S.C. § 3937, for an award of actual damages, costs of litigation and reasonable attorneys' fees pursuant to 50 U.S.C. 4042;

5. Grant judgment in favor of Plaintiff and the class for unjust enrichment and order Defendant to disgorge all interest they charged in excess of the SCRA minimum;

6. Declare Defendant's practice of improperly denying valid SCRA requests to be in violation of the SCRA and enter an injunction mandating Defendant to apply the 6% maximum interest rates to inactive loans when properly requested;

7. Award the class prejudgment interest at the applicable rate;

8. Award the class all direct and consequential damages allowed by law;

9. Award the class all appropriate equitable and injunctive relief;

10. Award the class their reasonable costs and attorney fees; and

11. Grant any other further relief that the Court deems appropriate.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: May 9, 2025

By: */s/ Brian L. Bromberg*
Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com

Vildan A. Teske
(*pro hac vice* motion to be filed)
Lee Owen

>(*pro hac vice* motion to be filed)
>TESKE LAW PLLC
>80 South Eight Street, Ste. 900
>Minneapolis, MN 55402
>(612) 767-0521
>teske@teskelaw.com
>owen@teskelaw.com
>
>*Counsel for Plaintiff and the Putative Class*